IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 705 INTERNATIONAL BROTHER-HOOD OF TEAMSTERS PENSION FUND, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| L. ISAACSON & STEIN FISH CO., INC., an Illinois corporation, | ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION

NO. 12 C 8868

JUDGE GARY FEINERMAN

**MOTION FOR ENTRY OF DEFAULT AND JUDGMENT**

NOW COME Plaintiffs, by their attorneys, and move for entry of judgment by default against Defendant, L. ISAACSON & STEIN FISH CO., INC., an Illinois corporation, in the total amount of $33,860.78. In support of their motion, Plaintiffs' state as follows:

**Procedural Status**

1. On November 12, 2012, the Summons and Complaint was served on the Registered Agent/President, Sherwin R. Willner (by tendering a copy of said documents to Pam Willner) at his place of business (a copy of the Summons and Affidavit of Service is attached hereto as Exhibit A). On January 23, 2013, this Court ordered Defendant to file its answer to Plaintiffs' complaint by February 13, 2013 (Doc. # 7). As Defendant has failed to file an answer, Plaintiffs respectfully request entry of default and judgment.

**Statement of Facts**

2. The Fund is a "pension plan" under ERISA, 29 U.S.C. § 1002(2) (Doc. # 1, Compl., ¶ 2).

3. Defendant, L. Isaacson & Stein Fish Co., Inc. ("L. Isaacson"), is an entity organized under the laws of Illinois (Doc. # 1, Compl., ¶ 4).

4. L. Isaacson was bound to a Collective Bargaining Agreement with Local 705 of the International Brotherhood of Teamsters, which obligated it to make pension contributions to the Plaintiff Fund on behalf of some of its employees (Doc. # 1, Compl., ¶ 5).

5. On or about August 1, 2010, L. Isaacson ceased to have an obligation to contribute to the Fund due to the retirement of its only covered employee, resulting in a "complete withdrawal," as defined in ERISA, 29 U.S.C. § 1383(a). As a result of this complete withdrawal, Defendant incurred withdrawal liability to the Pension Fund (Doc. # 1, Compl., ¶¶ 6, 7, 8).

6. The Pension Fund determined that L. Isaacson's withdrawal liability totaled $74,261.32, and sent a notice and demand for payment of its withdrawal liability by letter dated February 17, 2011 (Doc. # 1, Compl., ¶ 9, 10).

7. The February 17, 2011 notice gave L. Isaacson the option to pay the withdrawal liability in a lump sum, or to pay the withdrawal liability in monthly installments, with the first payment due on or before April 17, 2011, and subsequent monthly payments due by the 17th day of each month thereafter for 34 months. The notice further advised L. Isaacson that it could request review of the assessed withdrawal liability in writing within 90 days of the notice. (Doc. # 1, Compl., ¶ 11).

8. L. Isaacson made a general request for review of the assessed withdrawal liability by letters from its attorney dated May 17, 2011 and May 19, 2011 (Doc. # 1, Compl., ¶ 12).

9. By letter dated May 24, 2011, the Pension Fund denied L. Isaacson's request for review due to the lack of specific disputes or particular reasons why the calculations might not be accurate (Doc. # 1, Compl., ¶ 13).

10. L. Isaacson did not further request review or initiate arbitration proceedings disputing the assessed withdrawal liability (Doc. # 1, Compl., ¶ 14).

11. Between April 2011 and February 2012, L. Isaacson made the monthly payments required by the February 17, 2011 letter, albeit usually a few days late (Doc. # 1, Compl., ¶ 15).

12. After not receiving the payments due March 17, 2012 and April 17, 2012, the Pension Fund, through its counsel, sent a letter to L. Isaacson, through its counsel, dated May 11, 2012, notifying L. Isaacson that it was delinquent in payment of the withdrawal liability, and advising of the consequences of not curing the delinquency within 60 days (Doc. # 1, Compl., ¶ 16).

13. By letter dated June 12, 2012, the Pension Fund, through its counsel, sent another letter to L. Isaacson, through its counsel, advising that the March 17, 2012 had been received, but that the April 17, 2012 payment had not. Accordingly, L. Isaacson would be in default if the April 17, 2012 payment was not received by July 11, 2012, consistent with the prior May 11, 2012 letter. (Doc. # 1, Compl., ¶ 17).

14. L. Isaacson did not make the April 17, 2012 payment by July 11, 2012, thus making it in default under 29 U.S.C. § 1399(c)(5) (Doc. # 1, Compl., ¶ 18).

15. Since the lawsuit was filed, the Fund has received payments totaling $17,079.96, leaving a principal balance of $20,581.66 (Ex. B., Witt. Aff., ¶ 7).

16. The Pension Plan provides that interest is assessed on delinquent withdrawal liability payments at the rate of 8% per year, plus liquidated damages at the rate of 20% of the unpaid liability (Ex. B, Witt Aff., ¶ 4).

17. Thus, the Fund is entitled to liquidated damages of $7,532.32, and interest of $2,318.80 (calculated through February 28, 2013, and continuing to accrue at $4.51 per day) (Ex. B, Witt Aff., ¶¶ 8, 9).

18. The Fund has also incurred costs and attorneys' fees of $3,428.00 in this matter, and is entitled to recover said costs and fees from Defendant (Ex. C, Chapman Aff., ¶ 10).

**Application of the Law to the Facts**

19. ERISA imposes withdrawal liability on an employer that effects a "complete withdrawal" from a pension fund, calculated based on that employer's pro-rata share of the pension fund's unfunded, vested benefits. Central States, Southeast and Southwest Areas Pension Fund v. Bomar National, Inc., 253 F. 3d 1011, 1014 (7th Cir. 2001); 29 U.S.C. §§ 1381, 391. An employer completely withdraws from a pension plan when it "(1) permanently ceases to have an obligation to contribute under the plan, or (2) permanently ceases all covered operations under the plan." 29 U.S.C. § 1383(a).

20. Defendant permanently ceased to have an obligation to report and pay contributions to the Pension Fund on August 1, 2010, and therefore effected a complete withdrawal from the Pension Fund (Doc. # 1, Compl., ¶¶ 6, 7, 8).

21. ERISA dictates the procedures for notifying an employer of assessed withdrawal liability, and the employer's options and obligations in response to such notice. Bomar National, 253 F. 3d at 1015; 29 U.S.C. § 1399. If an employer fails to timely request arbitration under ERISA,

-4-

then "the amounts demanded by the plan sponsor . . . shall be due and owing on the schedule set forth by the plan sponsor." 29 U.S.C. § 1401(b); see also, Central States, Southeast & Southwest Areas Pension Fund v. Bell Transit Co., 22 F. 3d 706, 707 (7th Cir. 1994) (citation omitted). If the employer has not demanded arbitration, does not timely make its monthly installment payments for the withdrawal liability, and further fails to cure such default within 60 days after receiving written notice of the default, then the plan can demand payment of the entire assessed withdrawal liability, plus interest, from the date of the default. Chicago Truck Drivers, Helpers & Warehouse Union Pension Fund v. Century Motor Freight, Inc., 125 F. 3d 526, 533-34 (7th Cir. 1997); 29 U.S.C. §§ 1399(c)(5) and 1401(b)(1); 29 C.F.R. § 4219.31(c)(1).

22. The Fund properly notified Defendant of its withdrawal liability, but Defendant did not initiate arbitration (Doc. # 1, Compl., ¶¶ 10, 11, 14). Accordingly, Defendant cannot dispute the withdrawal liability assessment.

23. The Fund properly notified Defendant that was in default and advised of the consequences of failing to cure the default, but Defendant did not timely cure the default (Doc. # 1, Compl., ¶¶ 16, 17, 18). Accordingly, the Fund is entitled to judgment for all unpaid withdrawal liability.

24. Under ERISA, a pension plan is further entitled to recover liquidated damages and interest on the unpaid withdrawal liability, plus its court costs and attorneys' fees. Central States, Southeast & Southwest Areas Pension Fund v. Nitehawk Express, Inc., 223 F. 3d 483, 496 (7th Cir. 2000); 29 U.S.C. §§ 1451(b) & (e), 1145, and 1132(g)(2). The Pension Plan provides that liquidated damages are assessed at the rate of 20% of the unpaid liability, and that interest is calculated at the rate of 8% per year (Ex. B, Witt Aff., ¶ 4).

25. Accordingly, in addition to the unpaid withdrawal liability of $20,581.66, the Fund is entitled to recover from Defendant liquidated damages of $7,532.32, interest of $2,318.80 (calculated through February 28, 2013) (Ex. B, Witt Aff. ¶¶ 7, 8, 9), and costs and attorneys' fees of $3,428.00 (Ex. C, Chapman Affidavit, ¶ 10).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter default judgment in their favor, and against Defendant for $33,860.78.

Respectfully submitted,

/s/ Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that he electronically filed the foregoing document (Motion) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 20th day of February 2013:

      Ms. Julie E. Diemer
      Del Galdo Law Group
      1441 S. Harlem Avenue
      Berwyn, IL  60402


      /s/   Patrick N. Ryan


Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\705p\Isaacson, L. & Stein\motion2.pnr.df.wpd